GRIFFIN, Chief Judge.
Appellant seeks review of an adverse final judgment enforcing a settlement agreement. We find no merit in appellant’s contention that the lower court’s finding that appellant breached the settlement agreement was not supported by substantial competent evidence but we do find merit in certain of the appellant’s attacks on the various elements of damage awarded in the final judgment. First, we decide that under the clear terms of the agreement, the $100.00 per day award for appellant’s failure to complete the septic system and drainfield applied until December 1, 1994 only. Given the date of execution of the agreement, the amount due is $2,600, plus prejudgment interest due from December 1, 1994. We also conclude that the $10,-000 award made under paragraph 5 of the agreement was error because the agreement calls for this amount of increase in the settlement if a mortgage remained on the small parcel at the time of its conveyance to appel-lee. If other encumbrances remained, appel-lee would be limited to his actual damages for breach of the covenant. In either event, the brief delay in clearing the encumbrance was not material in light of appellee’s failure to release the lis pendens as required. Finally, we reverse the award of attorney’s fees because, after the determination on the merits was made, the lower court failed to conduct a hearing on the amount of reasonable attorney’s fees and there is no suggestion in the record that the right to a hearing was waived by appellant. On remand, appellant is entitled to a hearing on the amount of reasonable fees it must pay arising out of the proceedings below and on appeal. In all other respects, the judgment is affirmed.
REVERSED in part, AFFIRMED in part.
COBB and HARRIS, JJ., concur.